USDC SCAN INDEX SHEET

















GEP    7/2/04    14:44

3:04-CV-01316   DIRECTV INC V. LOCKE

*1*

*CMP.*

1 | Alan J. Kessel, Esq. (Cal. Bar No.: 130707)
Suzanne M. Burke, Esq. (Cal. Bar No.: 188597)
2 | Kimberly R. Colombo, Esq. (Cal. Bar No.: 210451)
   BUCHALTER, NEMER, FIELDS & YOUNGER
3 | A Professional Corporation
18400 Von Karman Avenue, Suite 800
4 | Irvine, California 92612-0514
Telephone: (949) 760-1121
5 | Facsimile: (949) 720-0182

6 | Attorneys for Plaintiff DIRECTV, INC.

**04 JUN 30 PH 4: 07**

FILED

DEPUTY

BY:

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11 | DIRECTV, INC., a California corporation,     ) Case No.
12 |                      Plaintiff,            ) **04 CV 1316     WQH (JMA)**
                                                )
13 |        vs.                                 ) **COMPLAINT FOR COMPENSATORY,**
                                                ) **STATUTORY AND OTHER DAMAGES;**
14 | PETER LOCKE,                                ) **AND FOR INJUNCTIVE RELIEF**
                                                )
15 |                      Defendant.            )
                                                )
16 | ──────────────────────────────────────────

17 |        Plaintiff DIRECTV, Inc. ("DIRECTV") hereby complains as follows with respect to its

18 | claims arising under federal question jurisdiction 28 U.S.C. §§ 1331 and 1338(a):

19 | **NATURE OF THIS CASE**

20 |        1.      DIRECTV, a California company, is the nation's leading direct broadcast satellite

21 | system, delivering over 225 channels of television and other programming to more than 10 million

22 | homes and businesses in the United States.  DIRECTV's television programming currently includes

23 | major cable networks, studio movies and special events programming, as well as a variety of sports

24 | and other special interests programming.  DIRECTV has invested more than $1.25 billion to develop

25 | its direct broadcast satellite system.

26 |        2.      DIRECTV encrypts - electronically scrambles - its satellite transmissions to provide

27 | security for and prevent unauthorized viewing of its satellite television programming.  DIRECTV

28 | offers its television programming to residential and business customers on a subscription and pay-

QC 30685v1                                    1

**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES; AND FOR INJUNCTIVE RELIEF**



1    per-view basis only.  Each customer is required to obtain a DIRECTV Access Card and other system

2    hardware (including a small satellite dish) and create an account with DIRECTV.  Upon activation

3    of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*,

4    unscrambled) those channels to which the customer has subscribed or otherwise made arrangement

5    to purchase from DIRECTV.

6             3.      On or about July 1, 2002, DIRECTV obtained business records from Steven Hutt,

7    ("Hutt") an operator of an internet pirate access sales website called "DssWhiz.com."  On or about

8    April 24, and May 19 and 20, 2003, DIRECTV obtained business records from Ryan Dellazizzo and

9    Brad Cohen, the operators of multiple internet pirate access sales websites, including

10   "DssBlondie.com," "DssZero.com," "SatUniverse.com," "DssWhiz.com," "ExtremeSatellites.com,"

11   "TurboDss.com," and "SimplySatellites.com" (collectively the "Dellazizzo-Cohen sites").

12   Importantly, the business records obtained by DIRECTV evidence an ongoing illegitimate enterprise

13   which focused on distributing electronic devices primarily designed for the surreptitious interception

14   of satellite communications broadcast by DIRECTV ("Pirate Access Devices").  The records

15   included orders, invoices, electronic communications, shipping documentation, product descriptions

16   and customer lists related to the distribution of Pirate Access Devices.  The Hutt and Dellazizzo-

17   Cohen sites specialized in the sale of Pirate Access Devices and other equipment used to illegally

18   receive DIRECTV's satellite signals, thus enabling users to watch pay per-view television channels

19   without having to pay the broadcasters.  Hutt, Dellazizzo and Cohen were able to conduct business

20   nationwide and across a few countries.  The business records obtained evidence the purchases made

21   by the Defendant.  Each record obtained confirmed the existence of a distribution source for the

22   country-wide transmission of devices primarily designed for the unauthorized interception of

23   DIRECTV's satellite programming.  More pertinently, the business records obtained evidence the

24   Defendant's purchase of Pirate Access Devices.  The devices or items were then shipped to

25   customers via United States mail or commercial carrier.  The devices in question were primarily of

26   assistance in the unauthorized decryption of DIRECTV satellite programming.  In reliance on those

27   records and other information, and upon information and belief, DIRECTV brings this lawsuit

28

OC 30685v1                                      2

**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES; AND FOR
INJUNCTIVE RELIEF**

1 | against the Defendant for his purchase, possession, modification, manufacture, assembly, and/or use

2 | of Pirate Access Devices.

3 |     4.    The Hutt and Dellazizzo-Cohen sites' customers ordinarily place orders over a

4 | website operated by Hutt and/or Dellazizzo and Cohen.  The business records obtained from Hutt,

5 | Dellazizzo and Cohen evidence the purchase of Pirate Access Devices by Defendant PETER

6 | LOCKE ("LOCKE") from DssWhiz.com and DssBlondie.com.  In reliance on these records and

7 | other information, and upon information and belief, DIRECTV brings this lawsuit against LOCKE

8 | for the purchase, possession, modification, manufacture, assembly and/or use of Pirate Access

9 | Devices.

10 |     5.    LOCKE is a resident of this District.  DIRECTV alleges that LOCKE has purchased

11 | and used illegally modified DIRECTV Access Cards and other Pirate Access Devices that are

12 | designed to permit viewing of DIRECTV's television programming without authorization by or

13 | payment to DIRECTV.

14 |     6.    LOCKE's actions violate the Federal Communications Act of 1934, as amended,

15 | 47 U.S.C. § 605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"),

16 | 18 U.S.C. §§ 2510-2521.  As a result of LOCKE's decision to obtain Pirate Access Devices and the

17 | detrimental impact that such activities have on the company, DIRECTV brings this action seeking

18 | damages and injunctive relief against LOCKE's continued possession and/or use of Pirate Active

19 | Devices.

20 | **JURISDICTION AND VENUE**

21 |     7.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 47 U.S.C.

22 | § 605(e)(3)(A) and 18 U.S.C. § 2520(a) because the claims in this action arise under the Federal

23 | Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications

24 | Piracy Act (Federal Wiretap Laws), 18 U.S.C. §§ 2510-2521.

25 |     8.    This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)

26 | over the state law claims asserted herein.

27 |     9.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because LOCKE is a resident of

28 | this district and is subject to personal jurisdiction in this district.

OC 30685v1              3

1

## PARTIES

2    10.    Plaintiff DIRECTV is a corporation duly incorporated under the laws of the State of

3  California. DIRECTV has significant interests in maintaining and securing the integrity of its

4  satellite transmissions of television programming and in prohibiting the unauthorized reception and

5  use of same.

6    11.    Defendant LOCKE is a resident of Chula Vista, California. Upon information and

7  belief, beginning in or about December 2001, LOCKE purchased one or more Pirate Access Devices

8  from the Hutt and Dellazizzo-Cohen sites. LOCKE placed each order by using interstate or foreign

9  wire facilities and received the orders via the United States Postal Service or commercial mail

10  carriers. Specifically, these illegal purchases included the following transactions:

11    (a)    On or about December 20, 2001, LOCKE purchased a Pirate Access Device called a

12  "WHiZ Combo," consisting of a programmer primarily designed to illegally modify DIRECTV

13  Access Cards and a printed circuit board device called an "emulator," from DssWhiz.com. The

14  device was shipped to LOCKE at his address in Chula Vista, California;

15    (b)    On or about February 14, 2003, LOCKE purchased a Pirate Access Device called a

16  "Hu Gold Emulator," consisting of a printed circuit board device called an "emulator," from

17  DssBlondie.com. The device was shipped to LOCKE at an address in Chula Vista, California; and

18    (c)    On or about March 17, 2003, LOCKE purchased a Pirate Access Device called a "Hu

19  Gold Emulator," consisting of a printed circuit board device called an "emulator," from

20  DssBlondie.com. The device was shipped to LOCKE at an address in Chula Vista, California.

21

## FIRST CAUSE OF ACTION

22

### UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS

23

### IN VIOLATION OF 47 U.S.C. § 605(a)

24    12.    DIRECTV realleges and incorporates by reference the allegations contained in the

25  foregoing paragraphs of this Complaint as if fully set forth herein.

26    13.    LOCKE has received and/or assisted others in receiving DIRECTV's satellite

27  transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

28

OC 30685v1                                    4

**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES; AND FOR INJUNCTIVE RELIEF**

14.     LOCKE's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

15.     LOCKE knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited.  Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations.  Unless restrained by this Court, LOCKE will continue to violate 47 U.S.C. § 605(a).

**SECOND CAUSE OF ACTION**

**UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS**

**IN VIOLATION OF 18 U.S.C. § 2511(1)(a)**

16.     DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

17.     By using Pirate Access Devices to decrypt and view DIRECTV's satellite television transmissions, LOCKE intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a).

18.     LOCKE's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

19.     LOCKE knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited.  Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate

OC 30685v1                                         5

1   remedy at law to redress any such continued violations.  Unless restrained by this Court, LOCKE

2   will continue to violate 18 U.S.C. § 2511(1)(a).

### THIRD CAUSE OF ACTION

### WILLFUL ASSEMBLY OR MODIFICATION OF DEVICES OR EQUIPMENT

### IN VIOLATION OF 47 U.S.C. § 605(e)(4)

6       20.    Plaintiff DIRECTV realleges and incorporates by reference the allegations contained

7   in the foregoing paragraphs of this Complaint as if fully set forth herein.

8       21.    Upon information and belief, LOCKE knowingly manufactured, assembled, or

9   modified an electronic, mechanical or other device or equipment knowing, or having reason to

10  know, that the device or equipment is used primarily in the assistance of the unauthorized decryption

11  of Satellite Programming, or direct-to-home services, or is intended for any other prohibited activity.

12  Upon information and belief, LOCKE actively programmed and reprogrammed DIRECTV Access

13  Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV Satellite

14  Programming.  Further, by removing and inserting Pirate Access Devices and/or inserting illegally

15  programmed Access Cards into valid DIRECTV Receivers, LOCKE engaged in the unlawful

16  assembly and/or modification of devices primarily of assistance in the unauthorized decryption of

17  Satellite Programming.

18      22.    Such conduct by LOCKE violates 47 U.S.C. § 605(e)(4) and such activity entitles

19  DIRECTV to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court

20  considers just for each violation.  47 U.S.C. § 605(e)(3)(C)(i)(II).

21      23.    DIRECTV is a person aggrieved by LOCKE's independent violations of 47 U.S.C.

22  § 605 and is authorized to institute this action against LOCKE pursuant to 47 U.S.C. § 605(e)(3)(A).

### FOURTH CAUSE OF ACTION

### CONVERSION

25      24.    Plaintiff DIRECTV realleges and incorporates by reference the allegations contained

26  in the foregoing paragraphs of this Complaint as if fully set forth herein.

27      25.    By possessing and using Pirate Access Devices, LOCKE has unlawfully converted to

28  his own use and benefit property belonging to DIRECTV.

OC 30685v1            6

**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES; AND FOR INJUNCTIVE RELIEF**

1     26.      Such conversion was done intentionally and wrongfully by LOCKE to deprive

2 DIRECTV of its proprietary interests and for said Defendant's direct benefit and advantage.

3     27.      As a direct and proximate result of LOCKE's unlawful acts, DIRECTV has suffered

4 and continues to suffer damages, including lost subscription and pay-per-view revenues and other

5 valuable consideration.

6 **PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

8     (1)      Find Defendant LOCKE's conduct in possessing and using Pirate Access Devices

9 violates 47 U.S.C. § 605(a) and (e)(4), and 18 U.S.C. § 2511(1)(a), and California common law, and

10 further find that said violations were willful, malicious, or for a tortious or illegal purpose;

11     (2)      In accordance with 47 U.S.C. § 605(e)(3)(B)(i), and 18 U.S.C. § 2520(b)(1), enjoin

12 and restrain LOCKE and persons controlled directly and indirectly by said defendant, from

13 possessing or using Pirate Access Devices, and further order LOCKE to surrender all Pirate Access

14 Devices;

15     (3)      In the event of a default, an award of statutory damages of $10,000 for each Pirate

16 Access Device used and possessed in violation of 18 U.S.C. § 2520(c)(2) and 47 U.S.C. § 605(e)(4),

17 and a further award of DIRECTV's reasonable attorneys' fees and costs of suit;

18     (4)      In the event of trial, an award of either (a) statutory damages in accordance with 47

19 U.S.C. § 605(e)(3)(C)(i)(II), and 18 U.S.C. § 2520(c)(2), or (b) compensatory and punitive damages

20 in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), and California common

21 law; and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C.

22 § 605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3); and

23     (5)      For such additional relief as the Court deems just and equitable.

24 Dated:  June 30, 2004                 BUCHALTER, NEMER, FIELDS & YOUNGER

25

26                          By: _____

27                             Suzanne M. Burke
                            Attorneys for Plaintiff DIRECTV

28

OC 30685v1                      7

**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES; AND FOR INJUNCTIVE RELIEF**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
DIRECTV, INC., a California corporation

**DEFENDANTS**
Peter Locke

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Suzanne M. Burke, Esq.
BUCHALTER, NEMER, FIELDS & YOUNGER
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0512
(949) 760-1121

ATTORNEYS (IF KNOWN)

'04 CV 1316   WQH (JMA)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   47 U.S.C. Section 605; 18 U.S.C. Sections 2510 et seq. - Unauthorized use of satellite signals.

**V. NATURE OF SUIT** (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [X] 890 Other Statutory Actions |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN 'X' IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ stat. damages
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   Docket Number _____

DATE
June 28, 2004

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

lo 5001  6/30/04  150⁰⁰

# ORIGINAL